Per Curiam:
 

 Harringtox,
 
 Justice.
 

 The right to have his land protected from Bsale while he has personal property, is a protection and privilege tó
 
 *516
 
 the defendant which he may waive, if he does not by such waiver' affect the legal rights of any other. (4
 
 Yeates’ Rep.
 
 21.) It may often be greatly to the benefit of a defendant to sell his land before his personal chattels, which may be more .necessary for the comfort and support of himself and family than the land; and if he and the execution creditors agree to this, we do not see how the legal rights of any other persons can be effected.
 

 The plaintiff and defendant in this execution and also the purchaser of the land, wish the sale confirmed; but objection is made by George Houston, who by affidavit shows himself to be a younger judgment creditor, but without execution; his judgment not being yet due. He objects that the sale of the defendant’s land under Mrs. Springer’s judgment and execution, before selling the defendant’s goods, is an injury to him; because, if the goods, upon which he has no lien, were first sold on Mrs. Springer’s execution, the amount of sales would go to satisfy her judgment, and leave the land, upon which his judgment is a lien, to satisfy his debt.
 

 This is an advantage that Mr. Houston might acquire if Mrs. S. chose to sell the goods under her execution; but it is one which he cannot compel. He has no control over her execution. She does him no more wrong by omitting to levy on the defendant’s goods, for the purpose of sale than she would by omitting to issue the execution, and the agreement between her and the defendant to pass over his personal property and sell the land, is not any use of her execution process of which Mr. Houston has the right to complain.
 

 Neither does the sale of the land without the goods, deprive Mr Houston of any lien or other right, or even place him in any worse condition. He has no lien on the personal estate, nor any right to contro it. His security for his debt is a judgment lien on the land, withou the power of executing the goods, and which leaves the goods in defendant’s hands, subject to all the risks arising from his possession o: and power over them. The agreement between Mrs. Springer ancl the defendant still to leave them in bis hands does not increase thiJ risk or take away from Mr. Houston any rights in relation to theml When his judgment falls due he can take them in execution, if thejl are still to be found; if not, it is one of the risks against which hcl has not provided in taking a security upon the- land alone. I
 

 The case of
 
 Wilson’s adm’r.
 
 vs.
 
 Hukill,
 
 1
 
 Harr. Rep.
 
 347, does nol conflict with this view. It was there decided that an inquisitioil could not be held upon defendant’s lands without selling his good!
 
 *517
 
 (he objecting,) because the proceeds of the sale of his goods "might save his land from condemnation and sale. This is his privilege; given to him by the act of assembly. But if he waive his privilege and consent to the inquisition and sale, third persons whose rights are not effected by it cannot complain.
 

 Wm. H. Rogers,
 
 for the rule.
 

 Gilpin, Rodney
 
 and
 
 Whitely,
 
 contra.
 

 Rule set aside and sale confirmed.